IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CRAIG SEAGRAVES,                          )
                                          )
                Plaintiff,                )
                                          )
        v.                                )       1:22CV111
                                          )
MOORE COUNTY DETENTION                    )
CENTER and WILLIAM FLINT,                 )
                                          )
                Defendants.               )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This civil rights action is before the Court on Defendants' Motion to Dismiss [Doc. #15] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges that on and between October 3 and October 5, 2021, while he was a pre-trial detainee at the Moore County Detention Center, Defendant William Flint and other detention officers under his command refused to provide Plaintiff with bedding or a mat and forced Plaintiff to sleep on a steel bed frame, leading to a rash and back pain for which officers refused to provide medical treatment. Defendants have moved to dismiss the Complaint on the grounds that (1) Defendant Moore County Detention Center is not a legal entity capable of being sued, and (2) the Complaint as written establishes that Plaintiff has failed to administratively exhaust his claims. Plaintiff did not respond to the Motion to Dismiss.[1]

---

[1] Despite Plaintiff's failure to oppose dismissal, this Court must nevertheless consider the merits of Defendants' motion. Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (district court has obligation to review uncontested motions to dismiss to ensure dismissal is proper).

Plaintiff's initial Complaint [Doc. #2] named both Moore County Detention Center and Captain William Flint as Defendants. Plaintiff subsequently filed an Amended Complaint [Doc. #3] naming only William Flint as a Defendant. Further confirming this deliberate decision, Plaintiff returned a summons for service only as to William Flint. Therefore, Moore County Detention Center is no longer named as a Defendant and will be terminated on the docket. As a result, the Court finds that Defendants' Motion to Dismiss is moot as to Defendant Moore County Detention Center, in light of the filing of the Amended Complaint which names only William Flint as a Defendant.[2]

With respect to the issue of exhaustion of administrative remedies, the Court finds that the issue of exhaustion is premature and cannot be resolved on a Motion to Dismiss. Under the provisions of the Prison Litigation Reform Act, inmates may file suits about prison conditions only if "administrative remedies as are available are exhausted." Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) (quoting 42 U.S.C. § 1997e(a)). However, "failure to exhaust is an affirmative defense" and thus "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007); accord Custis, 851 F.3d at 361. Nonetheless, a Court may, in rare instances, *sua sponte* dismiss a Complaint where failure to exhaust is apparent on the face of the Complaint. Custis, 851 F.3d at 361.

---

[2] Moreover, as noted by Defendants in the Motion to Dismiss, the Moore County Detention Center is not a legal entity capable of suit. "North Carolina federal courts have [ ] repeatedly held that county jails are not subject to suit under § 1983." Hill v. Randolph Cnty. Sheriff Dep't, No. 1:18CV148, 2019 WL 873699, at *2 (M.D.N.C. Feb. 22, 2019) (collecting cases); Wiley v. Buncombe County, 846 F. Supp. 2d 480, 486 (W.D.N.C. 2012) (same), aff'd, 474 F. App'x 285 (4th Cir. 2012). Therefore, if Plaintiff had not dropped Moore County Detention Center as a Defendant, it would be subject to dismissal for the reasons set out in the Motion to Dismiss.

2

In this case, in his form Amended Complaint, Plaintiff checked "Yes" to questions about whether Moore County Detention Center had a grievance procedure, whether the grievance procedure covered some or all of his claims, and whether he filed a grievance relating to his Amended Complaint "in the jail, prison, or other correctional facility where [his] claim(s) arose." (Amend. Compl. [Doc. #3] at ECF pp. 3-4.) However, when prompted with the question "If you did file a grievance: [ ] Where did you file the grievance," Plaintiff responded, "With the clerk of Court Greensboro." (Amend. Compl. at ECF p. 5.) Largely because of this answer, Defendants ask the Court to find that the Amended Complaint's facts, if taken as true, prove that Plaintiff failed to exhaust his administrative remedies. Defendants contend that this is the type of "rare, exceptional" case where the failure to exhaust is apparent on the face of the Amended Complaint, to support dismissal *sua sponte*.

However, this case was already screened for *sua sponte* dismissal and was allowed to proceed. In the Amended Complaint, Plaintiff alleges that he did exhaust his remedies and that he did file a grievance in the jail, prison, or other correctional facility where the claim arose. The Amended Complaint is then ambiguous as to whether he properly filed the grievance before filing suit or whether he considers the Complaint in this case his grievance, but considering Plaintiff's *pro se* status, his apparent confusion with other questions on the form, and the availability of reasonable readings of the Amended Complaint that would not preclude exhaustion, the Court concluded that the case should proceed. Plaintiff's case was not one where a prisoner "concedes on the face of his complaint that he did not exhaust his administrative remedies before filing his complaint." Cf. Morganherring v. Lafleur, No. 5:18-

3

Case 1:22-cv-00111-CCE-JEP   Document 20   Filed 11/29/23   Page 3 of 6

CT-03202-D, 2019 WL 2251565, at *2 (E.D.N.C. Apr. 12, 2019), report and recommendation adopted, No. 5:18-CT-3202-D, 2019 WL 2255762 (E.D.N.C. May 24, 2019).

Defendants' Motion to Dismiss does not add any additional assertions or contentions or information regarding the affirmative defense of failure to exhaust, so it is not clear if Defendants contend that Plaintiff did not, in fact, file a grievance and exhaust the grievance process, or whether Defendants are simply contending that the Complaint does not allege proper exhaustion. See Moore v. Bennette, 517 F.3d 717 (4th Cir. 2008) (considering grievances submitted with the complaint in addressing motion to dismiss for failure to exhaust, and noting that the plaintiff was given the opportunity to respond and that his "claim to have exhausted all available remedies rested entirely on the premise that the grievances he attached to his complaint were properly made and submitted," and noting that "[w]hether the district court should have explicitly instructed Moore to come forward with any facts not contained in the pleadings that might show that he had exhausted all available issues before dismissing on the ground of failure to exhaust is a question we need not decide today, because any error by the district court in failing to do so was harmless"); Custis, 851 F.3d. at 362 ("Moore narrowly addresses—and correctly upholds—courts' ability to dismiss complaints for failure to exhaust administrative remedies when the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense."); see also Germain v. Shearin, 725 F. App'x 225, 227 (4th Cir. 2018) (noting that defendant bears the burden of proving the affirmative defense of failure to exhaust, and "[a]n affirmative defense permits 12(b)(6) dismissal if the face of the complaint includes all necessary facts for the defense to prevail" (internal quotation omitted)); Wilcox v. Brown, 877 F.3d 161, 167 (4th

Cir. 2017). Here, the face of the Amended Complaint does not include all necessary facts for the defense to prevail. In addition, Defendants have not presented any other information to support the defense, so the present Motion cannot be converted into a Motion for Summary Judgment or otherwise addressed on the substance as in Moore. In the circumstances, dismissal on this issue would be premature at this stage.

However, given Plaintiff's lack of response to the Motion to Dismiss, the Court will direct Plaintiff to file a Notice of Intent to Proceed, confirming that he does intend to proceed with the case. If Plaintiff fails to file a Notice of Intent to Proceed, the Court will recommend that the case be dismissed for failure to prosecute and failure to comply with this Order. If Plaintiff does file a Notice of Intent to Proceed, Defendant must file an Answer, but Defendant may also file a Motion for Summary Judgment solely as to the issue of exhaustion of administrative remedies, and in lieu of discovery on that issue must include with the Motion for Summary Judgment all grievances filed by Plaintiff related to any incidents during early October 2021.

IT IS THEREFORE ORDERED that Defendant Moore County Detention Center be terminated as a Defendant in light of the Amended Complaint [Doc. #3] naming only William Flint as a Defendant, and Defendants' Motion to Dismiss [Doc. #15] as to Defendant Moore County Detention Center is therefore moot.

IT IS FURTHER ORDERED that by December 13, 2023, Plaintiff must file a Notice of Intent to Proceed, confirming that he does intend to proceed with the case. If Plaintiff fails

<u>to file a Notice of Intent to Proceed, the Court will recommend that the case be dismissed without prejudice for failure to prosecute and failure to comply with this Order.</u>

IT IS FURTHER ORDERED that if Plaintiff files a Notice of Intent to Proceed, Defendant William Flint must file an Answer to the Complaint within 14 days thereafter, and Defendant may also file a Motion for Summary Judgment solely as to the issue of exhaustion of administrative remedies, and in lieu of discovery on that issue include all grievances filed by Plaintiff related to any incidents during early October 2021.

IT IS RECOMMENDED that Defendants' Motion to Dismiss [Doc. #15] otherwise be DENIED without prejudice to further consideration of the affirmative defense of exhaustion of administrative remedies on a Motion for Summary Judgment.

This, the 29th day of November 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge